## COUNT ONE – ADA, TITLE I
(against all defendants)

143   Paragraphs 1 through 142 of this complaint are incorporated herein by reference as if fully pleaded in this First Count.

144   Plaintiff suffers from a physical impairment, which substantially limits her in the major life activity of working. Therefore, Plaintiff is a qualified disabled individual within the meaning of the ADA.

145   At all relevant times, Plaintiff was able to perform and performed satisfactorily the essential functions of her job with or without a reasonable accommodation.

146   Plaintiff requested a reasonable accommodation, orally and in writing, and Plaintiff submitted supporting medical documentation.

147   The Defendants failed to accommodate the Plaintiff's disability.

148   The Defendants intentionally and maliciously breached its promise to accord her a reasonable accommodation; revoked Plaintiff's authorized medical leave; breached its company promise to grant a sick leave of absence; refused to accommodate Plaintiff's disability; refused to provide her with record of her alleged absentee record; refused to allow the Plaintiff's requested accommodation to work at home two days a week, a similar accommodation accorded another white female co-worker on maternity leave; and imposed medically restrictive job assignments on the Plaintiff that were not part of her job description.

149   Moreover, the Defendants unlawfully discharged the Plaintiff because of her disability; and, failed to administer fringe benefits available to Plaintiff that it provided to other terminated and/or retired handicapped employees.

150  The acts alleged above constitute unlawful employment discriminatory practices in violation of ADA Section 102(a) and 102(b)(1), 42 U.S.C.A. §§ 12112(a), 12112(b)(1). All conduct alleged above occurred during a legally cognizable time period at Defendants' Foxborough Massachusetts facility.

151  Defendants' intentional employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee, and were the result of Plaintiff's disability.

152  Defendants engaged in the above-described unlawful discriminatory conduct against Plaintiff with malice and/or a reckless disregard of Plaintiff's federally protected rights.

WHEREFORE, the Plaintiff respectfully requests that his Court grant Plaintiff on this Count: (1) reinstatement of her position with the Defendant employer; (2) economic damages in the form of lost back pay, front pay, employment benefits, and medical insurance premiums and other pecuniary losses, together with pre and post-litigation interests, as permitted by law until paid in full; (3) compensatory damages for mental pain and anguish in amounts to be proved at trial; (4) punitive damages to be proved at trial; (4) attorney's fees and costs of this action; (5) other affirmative relief necessary to eradicate the effect of Defendants' unlawful employment practices; and (6) such other relief as this Court deems necessary.

## COUNT TWO – RETALIATION UNDER ADA
(against all defendants)

153  Paragraphs 1 through 152 of this complaint are incorporated herein by reference as if fully pleaded in this Second Count.

22

154  Defendants have violated Section 503 of the ADA, 42 U.S.C. § 12203, when Defendants intentionally and/or with a reckless disregard committed the following unlawful discriminatory acts: revoking Plaintiff's family medical leave; excluding her from a company break room, training, programs, and informal scheduled meetings; denying her access to software manuals and books pertaining to her job; improperly issuing false reviews, warnings and/or sanctions against the Plaintiff; refusing to give her a promised raise; refusing to provide fringe benefits; creating a hostile work environment; and ultimately terminating Plaintiff's employment as a result of Plaintiff's exercising rights and privileges protected by the ADA.

155  Defendants creating a hostile work environment and termination of Plaintiff's employment on the basis of her disability has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment life, and other non-pecuniary losses.

156  By their actions set forth above, Defendants have, jointly and severally, engaged in unlawful retaliation against the Plaintiff for having filed a charge of discrimination, and have interfered with Plaintiff's exercise of her protected rights, in violation of ADA, 42 U.S.C. § 12117(a).

157  Defendants have acted maliciously and/or with reckless disregard of Plaintiff's federally protected rights by intentionally retaliating against Plaintiff, thereby entitling Plaintiff to punitive damages under ADA.

WHEREFORE, the Plaintiff respectfully requests that his Court grant Plaintiff on this Count: (1) reinstatement of her position with the Defendant employer; (2) economic damages in the form of lost back pay, front pay, employment benefits, and medical

insurance premiums and other pecuniary losses, together with pre and post-litigation interests, as permitted by law until paid in full; (3) compensatory damages for mental pain and anguish in amounts to be proved at trial; (4) punitive damages to be proved at trial; (4) attorney's fees and costs of this action; (5) other affirmative relief necessary to eradicate the effect of Defendants' unlawful employment practices; and (6) such other relief as this Court deems necessary.

## COUNT THREE – TITLE VII
(against all defendants)

158  Paragraphs 1 through 157 of this complaint are incorporated herein by reference as if fully pleaded in this Third Count.

159  The Plaintiff, a black female, is a member of a protected class.

160  The Defendants knew she was a member of a protected class.

161  The Defendants intentionally treated the Plaintiff differently from similarly situated co-workers who were not members of the protected class: Defendants subjected her to an un-welcomed racial hostile work environment when they failed to properly investigate her complaints of racial discrimination; barred her from attending informal group meetings; denied her computer training and admission to programs accorded other white group employees; assigned her clerical tasking; did not give her access to manuals and books that other white co-employees enjoyed the use of; continued to employ and allow her supervisor to sit near her after this supervisor admitted to making a profoundly hurtful severe racial slur, calling Plaintiff a "tar baby"; refused to accommodate Plaintiff's disability by allowing her to work from home, a similar accommodation accorded another white female co-worker; revoked Plaintiff's medical

leave; imposed medically restrictive job assignments on the Plaintiff that were not part of her job description; improperly issued warnings and sanctions against the Plaintiff; ultimately discharged her from her employment; and failed to administer fringe benefits available to the Plaintiff that other terminated and/or retired white employees received.

162  The intentional treatment of the Plaintiff differently from similarly situated co-workers who were not members of the protected class resulted in causing the Plaintiff to suffer adverse employment consequences.

163  The Defendants' discriminatory practices against the Plaintiff on the basis of her race are prohibited by federal law under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C.A. § 2000e-5(f)(1).

WHEREFORE, the Plaintiff respectfully requests that this Court grant Plaintiff on this Count: (1) reinstatement of her position with the Defendant employer; (2) economic damages in the form of lost back pay, front pay, employment benefits, and medical insurance premiums and other pecuniary losses, together with pre and post-litigation interests, as permitted by law until paid in full; (3) compensatory damages for mental pain and anguish in amounts to be proved at trial; (4) punitive damages to be proved at trial; (4) attorney's fees and costs of this action; (5) other affirmative relief necessary to eradicate the effect of Defendants' unlawful employment practices; and (6) such other relief as this Court deems necessary.

25

## COUNT FOUR – RETALIATION UNDER TITLE VII
(against all defendants)

164   Paragraphs 1 through 163 of this complaint are incorporated herein by reference as if fully pleaded in this Fourth Count.

165   Defendants have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, when Defendants intentionally and/or with a reckless disregard committed the following acts: revoked Plaintiff's family medical leave; excluded Plaintiff from a company break room, training, programs, and informal scheduled meetings; denied her access to software manuals and books pertaining to her job; improperly issued reviews, warnings and/or sanctions against the Plaintiff; refused to give her a promised raise; refused to provide fringe benefits; created a hostile work environment; and ultimately terminated Plaintiff's employment as a result of Plaintiff's exercising rights and privileges protected by Title VII.

166   Defendants creating a hostile work environment and termination of Plaintiff's employment on the basis of her race has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

167   By their actions set forth above, Defendants have, jointly and severally, engaged in unlawful retaliation against the Plaintiff for having filed a charge of discrimination, and have interfered with Plaintiff's exercise of her protected rights, in violation of Title VII, 42 U.S.C.A. § 2000e.

168   Defendants have acted maliciously and/or with reckless disregard of Plaintiff's federally protected rights by intentionally retaliating against Plaintiff, thereby entitling Plaintiff to punitive damages under Title VII.

26

WHEREFORE, the Plaintiff respectfully requests that this Court grant Plaintiff on this Count: (1) reinstatement of her position with the Defendant employer; (2) economic damages in the form of lost back pay, front pay, employment benefits, and medical insurance premiums and other pecuniary losses, together with pre and post-litigation interests, as permitted by law until paid in full; (3) compensatory damages for mental pain and anguish in amounts to be proved at trial; (4) punitive damages to be proved at trial; (4) attorney's fees and costs of this action; (5) other affirmative relief necessary to eradicate the effect of Defendants' unlawful employment practices; and (6) such other relief as this Court deems necessary.

## COUNT V – BREACH OF EXPRESS OR IMPLIED CONTRACT
(Against Defendants CU and CGU only)

169   Paragraphs 1 through 168 of this complaint are incorporated herein by reference as if fully pleaded in this Fifth Count.

170   CU and CGU, severally and individually, promised Plaintiff that she was entitled to a certain sum of compensation; that she was qualified for early retirement; that she was eligible to apply for company disability benefits; that she could take the said reasonable accommodations; that she was entitled to take company sick leave; and, that she was certified under the FMLA to take short-term disability and/or entitled to take sick leave.

171   In consideration of Defendants' promises, Plaintiff satisfactorily performed services for Defendants.

172   Plaintiff reasonably relied upon Defendants promises to her detriment.

173   Plaintiff took necessary steps to remediate loss and damages when she retained counsel, who demanded said accommodations and said curative remedies.

174   The Defendants have continuously failed, refused or neglected to respond to said demand.

175   As a direct and foreseeable consequence of the Defendants' breach, the Plaintiff has suffered harm, injury, and damages.

WHEREFORE, the Plaintiff respectfully requests that his Court grant Plaintiff on this Count: (1) reinstatement of her position with the Defendant employer; (2) economic damages in the form of lost back pay, front pay, employment benefits, and medical insurance premiums and other pecuniary losses, together with pre and post-litigation interests, as permitted by law until paid in full; (3) compensatory damages for mental pain and anguish in amounts to be proved at trial; (4) attorney's fees and costs of this action; and (5) such other relief as this Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all the issues raised by the Complaint.

Respectfully submitted,
BERNADINE T. GRIFFITH
By her Attorney,

28

Date:

_____
Kathleen J. Hill          BBO# 644665
LAW OFFICE OF KATHLEEN J. HILL
92 State Street, Suite 700
Boston, MA 02109
617.742.0457 (O) / 617.742.4508 (F)